UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY J. BENNETT,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN KEAST, *et al.*,<br><br>    Defendants. | 3:17-cv-00525-MMD-WGC<br><br>**REPORT & RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Emergency Motion for Preliminary Injunction. (ECF No. 6.) Defendants filed a response (ECF No. 11, Supporting Exhibits filed under seal at ECF Nos. 13-1 to 13-4), and Plaintiff filed a reply (ECF No. 15).

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id*.) Defendants are NNCC Direct of Nursing John Keast and Specialty Care Nurse Melissa Mitchell.

Plaintiff originally filed this action along with his application for leave to proceed in forma pauperis (IFP) on August 28, 2017. (ECF Nos. 1, 1-1.) His complaint was accompanied by an emergency motion for a preliminary injunction. (ECF No. 1-3.) He filed his amended complaint on November 1, 2017. (ECF No. 4.) He also re-filed his emergency motion for preliminary injunction. (ECF No. 6.)

In the amended complaint, Plaintiff alleges that he was sixty-seven years old, and a tonsil cancer patient. (ECF No. 6 at 4.) His cancer spread to his lymph nodes, and he received intensive radiation treatment to his throat, as well as chemotherapy. (*Id*.) He claims that the radiation severely damaged his throat, making it impossible for him to swallow normally prepared food items. (*Id*.) He went on to allege that Dr. Hummer at the Cancer Clinic prescribed him Biotene mouthwash to moisten his mouth and throat during meal time to permit him to swallow a blended, medical diet. (*Id*. at 5.) Dr. Cambell at the Cancer Clinic prescribed the blended, medical diet. (*Id*.)

Plaintiff alleges that Mitchell was directly responsible for providing both the mouthwash and diet; she knew of the prescriptions; knew that Plaintiff constantly suffered from severe hunger and dry mouth; knew he was rapidly losing weight without these items; and failed to provide the mouthwash or blended, medical diet. (*Id*.) As a result, he avers that he suffered severe hunger and weight loss. (*Id*.) He claims that due to the weight loss his cancer doctors planned to stop his treatments and put him in intensive care. (*Id*. at 4.)

He alleges that Keast knew that Mitchell failed to provide the mouthwash and diet, and failed to intervene. (*Id*. at 6-7.)

The court screened his amended complaint on November 21, 2017, and found Plaintiff stated a colorable Eighth Amendment deliberate indifference to serious medical needs claim against Mitchell and Keast. (ECF No. 7.) At that time, the court directed the Attorney General's Office to advise the court whether it would enter a limited notice of appearance and respond to the motion for preliminary injunction. (*Id*. at 7.) The Attorney General's Office entered a limited notice of appearance and limited acceptance of service on behalf of Keast on December 6, 2017. (ECF No. 10.) A response to the motion for preliminary injunction was filed the same date.

In the motion for preliminary injunction, Plaintiff asserts he was suffering from hunger as a result of the denial of the mouthwash and blended, medical diet. (ECF No. 6.) He claims that if this continues, his future chemotherapy treatment could be discontinued and he could be placed in the intensive care unit. (*Id*.) As such, he asks the court for an order that Defendants immediately begin providing him with his mouthwash and blended, medical diet. (*Id*.)

/ / /

In their response, Defendants state that since August 2017, Plaintiff has had standing orders for a full liquid diet and regular diet, consisting of six cans of Ensure nutritional drink per day, and the ability to eat a regular diet if his throat condition allows. (ECF No. 7.) In addition, on September 5, 2017, he had a gastronomy feeding tube installed in his stomach, so he can take the liquid diet through his stomach, rather than by swallowing. Insofar as the mouthwash is concerned, they argue that in July 2017, he had a prescription but allowed it to lapse by October 2017, but it had been renewed for him as of November 29, 2017, and he could let NNCC officials know when he needed future renewals. As a result, Defendants contend that the motion for preliminary injunction should be denied as moot.

In his reply brief, Plaintiff acknowledges he is no longer under an imminent threat of irreparable harm since the placement of the feeding tube on September 5, 2017, and a preliminary injunction is no longer warranted. Plaintiff argues that he will still succeed on his deliberate indifference claim because he did not receive the liquid diet for forty-five days, until September 5, 2017, after he lost a significant amount of weight. He also disputes whether he let his mouthwash prescription lapse.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of injunctive relief; (3) that the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

Here, Plaintiff maintains the validity of his Eighth Amendment claim, but concedes that injunctive relief is no longer warranted since the placement of his feeding tube on September 5, 2017. Accordingly, Plaintiff's motion for preliminary injunction (ECF No. 6) should be denied.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion for preliminary injunction (ECF No. 6).

///

///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: December 21, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE